DECISION
These are administrative appeals under G.L. 1956 (1993Reenactment) § 42-35-15 from a decision of the Minority Business Certification Review Committee (hereinafter "the Committee") in the Department of Economic Development issued on January 31, 1994, by which the Committee denied the plaintiff's application for certification as a qualified women's business enterprise ("WBE") pursuant to G.L. 1956 (1990 Reenactment) §37-14.1-7, and the Regulations promulgated pursuant to that section. This case came before this Court previously on an administrative appeal from a prior decision of the Committee, which denied certification to this plaintiff, because it was found not to be owned and controlled by a woman. Because that finding was reached at a hearing which failed to comport with the requirements of §§ 42-35-9 thru 42-35-12, inclusive, the decision of the Committee was vacated and the case was remanded to the Committee for a hearing in conformance with the mandate of the Administrative Procedures Act. There are two cases here because the Court retained jurisdiction of the matter in C.A. No. 92-4926 pending a re-hearing by the Committee after the remand it ordered on July 23, 1993, and the plaintiff brought a separate appeal in C.A. No. 94-1085, after the adverse decision on January 31, 1994.
In its January 31, 1994 decision the Committee abandoned any effort to determine whether or not the plaintiff was owned and controlled by a woman. It obviously was. Instead it found that the woman who owned and controlled the plaintiff was not "economically disadvantaged." The plaintiff does not contend that its female owner is "economically disadvantaged." It contends that under the Rhode Island statute and the regulations applicable at the time of its application the economic situation of its owner was not material.
In order to resolve the issue presented by this case it is necessary to analyze and disentangle a knot of complex and inconsistent State and Federal legislation and regulation. Since the certification of a minority business enterprise (MBE), which includes women's business enterprises (WBE), is a matter of State law, we begin with G.L. 1956 (1990 Reenactment) §37-14.1-3(f):-
 "`Minority business enterprise' or `MBE' means a small business concern, as defined pursuant to section 3 of the federal Small Business Act [15 U.S.C. § 632] and implementing regulations, which is owned and controlled by one or more minorities or women." (Emphasis supplied.)
This definition includes only two separate classes of owners and controllers which fit the definition: (1) minorities or (2) women.
The term "minority" is defined in § 37-14.1-3(e) which includes six separate sub-classes of person which fit the definition. Women as such are not one of those sub-classes, although a woman may belong to any one of them. The last such sub-class is, "(6) Members of other groups, or other
individuals, found to be economically and socially disadvantaged by the Small Business Administration under section 8(a) of the Small Business Act, as amended [15 U.S.C. § 637 (a)]." (Emphasis supplied.) It is clear that "minorities" and "women" are separate categories, but that "economically and socially disadvantaged" groups and individuals are a sub-category within the definition of "minority."
Nevertheless, an "MBE" must be a `small business concern' as defined pursuant to Section 3 of the Federal Small Business Act [15 U.S.C. § 632] and implementing regulations." The Committee, however, does not contend that the plaintiff is not a small business concern, as defined in that federal statute and its implementing regulations.
From the foregoing analysis it would appear that under those definitions the economic status of its female owner would not be material to the plaintiff's eligibility for the ten percent set-aside in § 37-14.1-6 for minority business enterprises. The Committee contends, on the other hand, that because the plaintiff wants to be included in highway construction projects, the provisions of other State and Federal statutes and regulations are implicated thru § 37-14.1-7:-
 "The director of the department of administration shall establish, by rule and regulations adopted in accordance with chapter 35 of title 42, standards which shall determine whether a construction project is covered by this chapter, compliance formulas, procedures for implementation, and procedures for enforcement which are not inconsistent with 49 CFR 23 of the federal regulations. As to Rhode Island department of transportation contracts, the director of administration may delegate this authority to the director of transportation."
It is doubtful whether a State set-aside such as the one in §37-14.1-6, standing alone, and not as an implementation of a Federal Congressional requirement for the receipt of Federally appropriated funds, would survive constitutional scrutiny. SeeCity of Richmond v. J.A. Croson, Co., 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989).
The original application in this case was filed on October 3, 1991. The pertinent regulations then in effect were filed with the secretary of state on September 1, 1988. Those regulations defined "minority business enterprise (MBE)" verbatim as that term is defined in § 37-14.1-3. Nothing in those regulations required that women who owned and controlled small business concerns needed also to be "economically disadvantaged."
By the time of the first administrative "hearing" in this matter the director of economic development had issued regulations entitled, Rules, Regulations, Procedures andCriteria Governing Certification and Decertification ofMBE/WBE/DBE Enterprises by the State of Rhode Island, Revised asof 2/18/92. In those Regulations women's business enterprises were defined as follows in Paragraph 2.00iii:-
 "Minority (MBE) and Women (WBE) Business Enterprises are rebuttably presumed to be socially and economically disadvantaged firms which are owned and controlled by individuals who are citizens of the United States or legal permanent residents and are members of a definable minority group or female." (Emphasis supplied.)
Paragraph 3.00 provided that only those firms which the requirements outlined in that paragraph could be certified. The pertinent requirement was Number 2: "Owner must be a member of a definable minority group, woman, or an individual found to be both socially and economically disadvantaged." (Emphasis supplied.) Paragraph 3.01 sensibly provided that as to "Women", "Any female qualifies as a class of minority." What is noteworthy is that nowhere in the 1992 Regulations is there any requirement that an eligible owner must be both female and economically disadvantaged. It is also noteworthy that in each of the pertinent eligibility criteria in Paragraph 3.00 three separate classes of owners are referred to: (1) minority (2) disadvantaged and (3) women.
After this matter was remanded on July 27, 1993 for re-hearing, the director changed the rules. Under a revision of the Rules issued on September 17, 1993, Paragraph 3.00, Number2 was amended to read: "Owner(s) must be a member of a definable minority group, woman and/or an individual(s) found to be both socially and economically disadvantaged. (13 C.F.R. 124.105-106.)" (Emphasis supplied.) Henceforth, a qualified owner could belong to at least one of three classes: (1) definable minority, (2) women, or (3) socially and economically disadvantaged, but members of class (1) or (2) or both, mustalso belong to class (3), as defined in the Federal regulation.
As of the Committee's decision of January 31, 1994 the plaintiff's owner admittedly was not economically disadvantaged. If the September 17, 1993 regulation is valid, and applies to the plaintiff, the Committee's decision is correct, and the plaintiff is not eligible for certification.
The defendant argues that a pertinent Federal statute requires that a female owner of a small business concern must be socially and economically disadvantaged to be qualified for the Federally mandated set-aside. It points to the SurfaceTransportation and Uniform Relocation Assistance Act, Pub. L. No.100-17, § 106 (c), 101 Stat. 132, 145. This Federal act provides for a set-aside of ten percent of funds appropriated under the act to be expended on small business concerns owned and controlled by socially and economically disadvantaged individuals, as defined by Section 8(d) of the Small Business Act [15 U.S.C. § 637(d)]. The United States Department of Transportation which administers the highway funds appropriated under the Act does not accept the standards adopted by the Small Business Administration under Section 8(d). Under those standards women, like defined minorities, are conclusively presumed to be socially and economically disadvantaged. See 13 C.F.R. § 124.106(a).
Under standards promulgated by the U.S. Department of Transportation the presumption of disadvantage is rebuttable, even as to women. 49 C.F.R. § 23.62. See also 49 C.F.R., Part23, Sub-part D, Appendix A. It is clear, therefore, that since the presumption of disadvantage has been rebutted, the plaintiff is not eligible for certification as a qualified disadvantaged enterprise under the Federal statute from which some Federal highway construction funds are derived by the State.
The defendant also points out that § 37-14.1-7 requires that rules and regulations promulgated under the Rhode Island act may not be inconsistent with 49 C.F.R. 23 of the Federal regulations. The certification requirement in Paragraph 300 of the State rules is consistent with the Federal regulatory standard. The explanation of 49 C.F.R. 23.62 contained in theAppendix to sub-part D of part 23, includes women in the class of those rebuttably presumed to be socially and economically disadvantaged. Since it is doubtful that §§37-14.1-1, et seq. can serve any constitutionally legitimate State purpose, those sections can have the sole goal of establishing the State's eligibility for grants of Federally-appropriated funds. The delegated State certification procedure must therefore accord with Federally-established standards so long as the State expects to be a qualified recipient of those grants.
The Court must notice as it writes that the question of the constitutionality of the entire system of Federally-mandated set-asides for socially and economically disadvantaged individuals and groups, and the presumptions which attend the establishment of membership in those classes, is presently before the United States Supreme Court in Adarand Constructors, Inc. v.Pena, 16 F.3d 1537 (10th Cir. 1994), cert. granted, ___ U.S. ___, 115 S.Ct. 41, 129 L.Ed.2d 936 (1994) (No. 93-1841, 1994 Term). (Argued January 17, 1995)
Since the plaintiff is not entitled to certification under the regulations promulgated pursuant to § 37-14.1-7, as a matter of law, its complaints about the procedures followed by the Committee, however meritorious or not, are moot, and need not be considered.
Accordingly, the January 31, 1994 decision of the Committee will be affirmed.
The defendant will present judgments for entry in each case on notice to the plaintiff.